IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

|   |   |   |
|---|---|---|
| In Re: | ) | |
| | ) | |
| BACHRACH CLOTHING, INC. | ) | Case No. 07 C 4723 |
| | ) | |
| Debtor. | ) | Judge Virginia M. Kendall |
| | ) | |
| | ) | |
| | ) | |
| | ) | |

## MEMORANDUM OPINION AND ORDER

Appellant Bachrach Clothing, Inc. ("Bachrach") appeals the decision of the Bankruptcy Court for the Northern District of Illinois which held that holding that 11 U.S.C. § 365(b)(1) requires Bachrach to pay accrued real estate tax obligations under a nonresidential property lease in order to cure a default before Appellee Bachrach Acquisition LLC ("BAC") assumed a lease. For the reasons stated below, this Court affirms the decision of the bankruptcy court.

## STATEMENT OF FACTS

The parties agree as to the facts. Bachrach entered into a lease with Barsaled, LLC for a non-residential property. Decision of the Bankruptcy Court ("B.R. Decision") at 1. After Bachrach filed for bankruptcy, BAC was to assume the lease. *Id*. at 2. The "Agency Agreement and Addendum" that governed the assumption of the lease provided that BAC was responsible only for cure costs as required under 11 U.S.C. 365(b)(1) up to $250,000. *Id*. at 1. The agreed order regarding the lease required Bachrach to pay $147,364 to cure existing defaults, including $133,197.97 in overdue 2005 real estate taxes. *Id*. at 2. BAC reserved its right to seek an order determining whether Bachrach

was responsible for a portion of the 2006 real estate taxes attributable to the time period during which it held the lease. *Id*.

The underlying lease required Bachrach to pay all real estate taxes assessed on the property as additional rent. *Id*. at 1. Specifically, the lease required Bachrach to pay the taxes "annually or semiannually to the appropriate taxing authority, but no more frequently than Landlord is required to make payment." Lease Article 4.B. The lease also defined a "material default" as "any failure by Tenant to pay or make any other payment required to be made by Tenant hereunder within five (5) days after receipt of written notice from Landlord." Lease Article 19(A).

On February 15, 2007, the Bankruptcy Court entered an Agreed Order authorizing the assignment and assumption of the lease. The order required Bachrach to cure existing defaults under the Lease in the amount of $147,364, plus additional interest and penalties related to outstanding 2005 real estate taxes. B.R. Opinion at 2.

As of the assumption date, the taxing authority had not billed the 2006 real estate taxes, and such taxes were not due until several months after the assumption date. Response at ¶ 9. As such, Barsaled had not billed Bachrach for the taxes. BAC reserved the right to seek an order determining whether Bachrach or BAC was responsible for payment of the 2006 real estate taxes. B.R. Decision at 2. On August 2, 2007, the Bankruptcy Court held that BAC was responsible for the 2006 real estate taxes. *Id*. at 8. BAC appealed that order to this Court and submitted the relevant records for this Court's review.

## STANDARD OF REVIEW

This Court reviews the Bankruptcy Court's conclusions of law *de novo*. *In re Boone County Utilities, LLC*, 506 F.3d 541, 542 (7th Cir. 2007); *In re Cult Awareness Network, Inc.*, 151 F.3d 605, 607 (7th Cir. 1998).

## THE BANKRUPTCY COURT'S DECISION

The Bankruptcy Court held that Bachrach had defaulted on the 2006 real estate taxes and was therefore required to pay them. In so holding, it noted that although the taxes had not come due when the lease was assumed, this was because the taxing authority billed in arrears. Put another way, the taxing authority does not bill for the taxes until the year after they accrued. It noted that there was no controlling authority directly on point, but chose to rely on the Court of Appeals for the Seventh Circuit's opinion in *In re Handy Andy Home Improvement Centers*, 144 F.3d. 1125 (7th Cir. 1998). *Handy Andy* held that real estate taxes accrued prepetition are a prepetition obligation, and real estate taxes accrued postpetition are a postpetition obligation, regardless of when the actual billing date occurs. *Id.* at 1127. That is, the obligation to pay real estate taxes arises piecemeal every day, not on the date the taxes are actually billed. *Id.* As such, it held that regardless of the billing date under the lease, Bachrach was responsible for the 2006 real estate taxes because they accrued and thus the obligation to pay them arose while Bachrach held the lease. B.R. Decision at 8.

## DISCUSSION

On appeal, BAC argues that the obligation to pay the 2006 real estate taxes on its assumed property, having accrued prior to the time of the assumption, constituted such a default that Bachrach was obligated to cure. Bachrach, conversely, argues that no default occurred because by

the terms of the lease, it was not yet required to reimburse its landlord for the real estate taxes. This Court agrees with the reasoning of the Bankruptcy Court in requiring Bachrach to pay the 2006 real estate taxes.

Section 365(b)(1) requires that a party to an executory contract be paid all amounts due under the contract before the contract may be assumed in a bankruptcy proceeding. *See* 11 U.S.C. § 365(b)(1) ("if there has been a default in an executory contract or unexpired lease of the debtor, the trustee may not assume such contract or lease unless, at the time of assumption of such contract or lease, the trustee cures or provides adequate assurance that the trustee will promptly cure" the default); *In re Superior Toy Manf., Inc.*, 78 F.3d 1169, 1174 (7th Cir. 1996). However, Section 365 requires only that the debtor cure pre-assumption defaults, not post-assumption expenses. *See*, *e.g.*, *In re Conseco, Inc.*, 330 B.R. 673, 687 (Bkrtcy.N.D.Ill. 2005); *In re Res. Tech. Corp.*, 254 B.R. 215, 221 (Bkrtcy.N.D.Ill. 2000).[1]

Although there is no authority directly on point in the Seventh Circuit, this Court, like the Bankruptcy Court, is guided by the Seventh Circuit's decision regarding the accrual of real estate taxes in *Handy Andy*. Although admittedly *Handy Andy* was decided under Section 365(d)(3) of the Bankruptcy Code rather than Section 365(b)(1) of the Bankruptcy Code, it provides guidance as to when a lessee's obligation to pay real estate taxes arises. *Handy Andy* held that although the obligation to pay the taxes did not "crystalize" until a later date when they were to be paid to the landlord, "Handy Andy's obligation under the lease to pay the taxes was clear, that obligation could

---

[1] As both parties have noted, the Bankruptcy Code does not define the term "default." Similarly, the Lease Agreement provides a standard for finding a "material default," but not simply a "default." However, Black's Law Dictionary defines a default as "the omission or failure to perform a legal or contractual duty; esp., the failure to pay a debt when due." Black's Law Dictionary (8th Ed. 2004).

4

realistically be said to have arisen piecemeal every day" that the lease was in force. *Handy Andy*, 144 F.3d. at 1127. Applying this reasoning, Bachrach's contractual obligation to pay the 2006 real estate taxes arose in 2006 while Bachrach held the lease. *See also*, *In re Treesource Indus.*, 363 F.3d 994, 998 (9th Cir. 2004) (the relevant time for determining whether tax obligations arise is when they accrue, not when they come due); *In re Warehouse Club, Inc.*, 184 B.R. 316, 318 (Bankr. N.D.Ill. 1995) (once real estate taxes accrued, the debtor had a contractual obligation to pay them); *contra Perretta v. Exch. Nat'l Bank*, 7 B.R. 103, 105 (Bankr. Ill. 1980) (debtor did not default by failing to pay share of real estate taxes where he never received a bill for the taxes and neither he nor the lessor knew how much he owed). Bachrach's failure to pay them thus constitutes a failure to perform a contractual duty and thus a default that requires cure under Section 365(b)(1).

Bachrach cites some arguably contrary authority, relying most notably on *In re R.H. Macy & Co., Inc.*, 236 B.R. 583 (Bankr. S.D.N.Y. 1999) and *In re Convenience USA, Inc.*, No. 01-81478, 2003 WL 23211573 (Bankr. M.D.N.C. 2003), in which the debtors were not required to pay similar real estate taxes. The Bankruptcy Court distinguished *R.H. Macy*, noting that there the parties' assumption notice specifically stated that the assumption did not include "future obligations under the contracts, which will be performed by the Debtors as and when such obligations become due." *R.H. Macy*, 236 B.R. at 590. Thus, the assumption specifically excluded obligations that had not yet "come due." By contrast, no such agreement was present in this case.

*Convenience USA* is also differentiable. There, the landlord had received a tax bill months before the lessor filed for bankruptcy but did not submit it to the debtor. By the terms of the lease, the landlord was required to submit the tax bill to the lessor within 15 days of receipt of the bill. *Convenience USA*, 2003 WL 23211573 at *3. Thus, the landlord violated its obligations under the

5

lease. Regardless, Convenience USA actually paid the tax bill as soon as it received notice of it when the landlord filed its claim. *Id*. As such, *Convenience USA* is not directly applicable because it does not involve real estate taxes that were accrued but not billed, and in any case, the taxes were paid at the time of the court's opinion, and comments regarding the matter are dicta.

Regardless, to the extent that either of these cases could be held to conflict with the Bankruptcy Court's decision here, they also conflict with controlling Seventh Circuit law which construes the obligation to pay real estate taxes under the Bankruptcy Code. That is, *Handy Andy* held that the obligation of a lessee to pay real estate taxes accrues during the time period during which the taxes are assessed, not when they are billed. *Handy Andy*, 144 F.3d. at 1127. As such, Bachrach's contractual obligation to pay the 1996 real estate taxes accrued in 1996 while it held the lease. Bachrach has failed to fulfill its obligation to pay these taxes, and this amounts to a default it must cure prior to BAC's assumption of the lease. For the reasons stated above, this Court affirms the decision of the Bankruptcy Court.

_____
Virginia M. Kendall, United States District Judge
Northern District of Illinois

Date: 9/30/08